———o———

### No. 5891.

## WM. LIEBE MANUFACTURING COMPANY vs. D. J. TRANCHINA.

### Syllabus.

Issues of fact only are involved herein.

— 314 —

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 100,537, Hon. G. H. Theard, Judge.

Emile Pomes, for plaintiff and appellee.

H. A. Moise, E. M. Heath, C. C. Fredrichs, for defendant and appellant.

His Honor, HORACE L. DUFOUR, rendered the opinion and decree of the Court as follows:

The plaintiff, a manufacturer of bar-room fixtures, agreed to manufacture certain fixtures for the defendant and at the latter's request further agreed to remove three granite columns in front of the building on Camp and Poydras Streets and to substitute therefor iron columns.

Not being engaged in that business, the Liebe Company employed Abry Brothers to do this work and included the amount of their bid, $225, in the price of their contract for which the present suit is brought.

There was judgment for plaintiff on his contract claim as well as for the Abry extra work of $261, and judgment in reconvention in favor of defendant for $425, on his reconventional demand for demurrage.

Defendant appeals and plaintiff by answer to the appeal asks that the reconventional demand be dismissed.

We fail to see on what ground the plaintiff can be deprived of the amount due for extra work; the work was done at the request of plaintiff and the Liebe Company either has paid it or owes for it.

Defendant undertook to have alterations made in the building without having consulted his landlord and if the latter afterwards insisted on having them done in a certain way which proved more expensive, the tenant alone is to blame. There was no relation of any kind between

the lessor and the Liebe Company and the fact that the former may have taken advantage of the lessee cannot operate to the detriment of the contractor directly or indirectly.

It is shown that the lessor would not allow the work to be done unless it was done under the supervision of and in the manner directed by his architect and that the latter insisted on the rebuilding of the foundation, which brought about the increased expense for extra work, for which the defendant must undoubtedly compensate the plaintiff.

The next question is as to the demurrage claimed.

Although plaintiff claims that but for the landlord's interference and the resulting extra work the contract would have been completed within sixty days, we think the District Judge erred on the safe side if he erred at all, when he allowed about eighteen days for the delay due to the interference. His conclusion is as nearly right as the record permits, and we do not think that we could reach a more satisfactory or equitable conclusion.

Judgment affirmed.

Opinion and decree, June 19th, 1913.

Rehearing refused, July 21st, 1913.

Writ denied, October 3rd, 1913.